(Court of Appeal, Parish of Orleans.)

## JAMES F. WILKINSON vs. STANDARD GUANO & CHEMICAL MFG. CO.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "C."

J. J. Prowell, for plaintiff and appellant.

Carroll, Henderson & Carroll, for defendant and appellee.

GODCHAUX, J.—Plaintiff alleges the existence of a yearly contract of employment beginning June 15, 1909, the breach thereof by his discharge without cause on July 10, 1909, and sues for the salary for the balance of the term succeeding said discharge.

Defendant denies that the employment was for the term named and contends that if any definite term existed at all it was that of weekly employment.

It is shown that prior to June 1, 1909, plaintiff had been in defendant's employ for two years on a yearly term and that at the expiration of the term on June 1, 1909, the contract was not renewed; but, on the contrary, plaintiff was informed by written notice, as he himself, admits, that thereafter his services were engaged by the week. However, plaintiff testifies that on June 11th he was informed by the managing officer of defendant corporation that his services would be retained for another year beginning June 15, 1909.

At the interview at which this alleged information was given him no one was present but plaintiff and this officer, and the latter flatly contradicts plaintiff's state-

ment as to the term of employment and testifies that he simply told the plaintiff that the latter's employment would continue for a weekly term as specified in the written notification given on June 1st.

These were the only two witnesses to the contract and the lower court, after hearing their testimony, apparently accepted defendant's version of this interview, for plaintiff's suit was dismissed and his claim rejected.

An examination of the record presented on the appeal does not disclose any error in this conclusion and the case being one purely of credibility of the witnesses, the lower court's finding should not be disturbed.

It is, accordingly, ordered that the judgment appealed from be affirmed.

May 1, 1911.

Rehearing refused, May 19, 1911.